# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **Batina Latrae Kistner,** | Docket No. 3:24-cv-00277 |
| PLAINTIFF, | |
| v. | JUDGE CRENSHAW |
| **Envision AESC US LLC,** | MAGISTRATE JUDGE NEWBERN |
| DEFENDANT. | JURY DEMANDED |

## RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendant hereby responds in opposition to Plaintiff's Motion for Extension of Time (Doc. 18) ("Plaintiff's Motion"). Defendant respectfully requests the Court deny Plaintiff's Motion because Plaintiff fails to show good cause to extend the discovery deadline and deadline for discovery motions.

### I. LAW

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "[M]any courts have declined to find 'good cause' to modify a scheduling order where the request is premature or otherwise filed in anticipation of hypothetical future events." *SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2021 WL 1947515, at *1 (D. Ariz. May 14, 2021) (citing cases).

## II. ARGUMENT

Plaintiff presents three arguments to support her motion. First, Plaintiff hypothesizes that the non-party witnesses scheduled for depositions the week of May 19 may be unavailable on the dates that counsel have agreed to schedule their depositions. Second, Plaintiff speculates that the depositions that are currently scheduled may reveal more "necessary fact witnesses," but Plaintiff will not know for sure until this "first round of depositions are taken." Third, Plaintiff states that she is "leaning toward filing a motion to compel but needs deposition testimony to bolster the forthcoming motion to compel." None of these reasons qualify as good cause.

### A. The Mere Possibility of Scheduling Conflicts.

At present, there is no reason to believe the three depositions scheduled for the week of May 19 will need to be rescheduled. Plaintiff only offers the hypothetical that one or more of these depositions may need to be rescheduled. As noted in the *SiteLock* opinion cited above, however, courts decline to find "good cause" based upon hypothetical future events. *SiteLock*, 2021 WL 1947515, at *1.

Moreover, Defendant has already agreed to resolve this hypothetical future scenario if it occurs. Before Plaintiff filed her motion, Defendant had already agreed to work with Plaintiff to reschedule one or more of these depositions if scheduling conflicts arose. (*See* May 6, 2025 from Barrett to Baker, attached as **Exhibit A**).[1] Accordingly, not only is there no reason to

---

[1] Indeed, Defendant will insist on this. One of these three deponents is Landra Orr, a social worker who has treated Plaintiff for several years. On April 28, 2025, following an extension of time to which Defendant agreed, Plaintiff disclosed Orr as a quasi-expert. On April 30, Defendant's counsel informed Plaintiff's counsel that Defendant will depose Orr and asked: "Given Plaintiff's disclosure of Ms. Orr, will Plaintiff agree to produce Ms. Orr for a deposition or will AESC be required to subpoena Ms. Orr for her deposition? We are available to take Ms. Orr's deposition on May 21, does that date work for Plaintiff?" In response, Plaintiff's counsel stated: "Yes, that works." When Plaintiff requested an extension of the discovery deadline due to the concern that the week of May 19 deponents (including Orr) might not be available,

2
4904-5767-0464v1
2944168-000010 05/07/2025
Case 3:24-cv-00277    Document 19    Filed 05/07/25    Page 2 of 6 PageID #: 160

believe that these three depositions will requiring rescheduling, if it turns out that any of them must be rescheduled, Defendant has already agreed to work with Plaintiff to reschedule them for early June.² It bears repeating that this agreement was reached *before* Plaintiff filed her motion for extension. In sum, Plaintiff fails to show good cause on the foregoing basis.

### B. The Mere Possibility of Plaintiff Wanting to Take More Depositions.

Plaintiff speculates that she may want to take more depositions after the "first round of depositions" concludes. This possibility exists in almost every case and parties typically account for this factor by scheduling initial depositions earlier in the discovery period. Plaintiff fails to present any reason why this could not have been done in this case. In addition, Defendant does not anticipate the need to take any more depositions than the two it plans to take before the May 21 discovery deadline. The hypothetical possibility that Plaintiff may identify more deponents in the depositions that are currently scheduled does not qualify as good cause.

### C. The Mere Possibility of Plaintiff Filing a Motion to Compel.

Plaintiff states that she is "leaning toward filing a motion to compel but needs deposition testimony to bolster the forthcoming motion to compel." Plaintiff continues: "[c]ounsel for both parties have been discussing Plaintiff's request for certain personnel files for months now" but

---

Defendant's counsel expressed surprise based on their impression that Ms. Orr's deposition was firmly established, and Plaintiff had agreed to make her available. Only then did Plaintiff's counsel explain, in relevant part: "I said I was available to attend Mrs. Orr's deposition on May 21. I did not know I was agreeing to produce her as a witness. I assumed you all would still subpoena her. I do not know whether she is available on that date. I sincerely apologize for the misunderstanding."

² Of course, rescheduling these depositions past the discovery deadline, if necessary, would require the Court's permission, which the parties could accomplish by filing a joint motion. In any event, it is important from Defendant's perspective to complete these depositions as soon as possible so Defendant can turn its attention to preparing its forthcoming motion for summary judgment, which is due July 9, 2025.

4904-5767-0464v1
2944168-000010 05/07/2025

"counsel for Plaintiff did not learn until today at 11:40 p.m. that the requested personnel files do not reference Plaintiff, her leave of absence, or her termination."

Context is crucial here, and Defendant offers the following timeline:

- **December 13, 2024** – Defendant serves its responses to Plaintiff's discovery requests and objects to Plaintiff's requests for numerous personnel files besides her own. However, Defendant produces a complete copy of Plaintiff's personnel file, which includes records related to Plaintiff's various complaints about her co-workers.

- **March 28, 2025** – Plaintiff sends Defendant a letter in which she argues that personnel files for several of Plaintiff's former co-workers should be produced.

- **April 11, 2025** – Defendant responds to Plaintiff's letter and reaffirms its objection to producing personnel files of Plaintiff's co-workers but offers to consider a narrower request if made.

- **April 15, 2025** – Counsel confer about Plaintiff's requests for co-worker personnel files and Plaintiff agrees to specify information in these personnel files that Plaintiff believes is discoverable.

- **April 28, 2025** – Plaintiff provides list of information she is requesting in the co-worker personnel files.

- **April 29, 2025** – Defendant seeks clarification regarding the information in the files Plaintiff is requesting.

- **May 1, 2025** – Plaintiff provides the requested clarification.

- **May 6, 2025** – Defendant reasserts its position that the numerous co-worker personnel files at issue are irrelevant and outside the reasonable scope of discovery. In the interests of compromise, however, Defendant advises Plaintiff that it conducted

4904-5767-0464v1
2944168-000010 05/07/2025

a reasonably diligent search of its available personnel records and found no documents therein that would be discoverable: Documents referencing Plaintiff, Plaintiff's leave of absence, or Plaintiff's termination.[3]

As Plaintiff admits, she has not complied with the Initial Case Management Order because she failed to request an extension of the discovery motion deadline at least seven days before the deadline. (*See* Doc. 11 at Paragraph M). Plaintiff's request to extend the deadline for discovery motions should be denied on this basis alone.

In the alternative, if this Court chooses to entertain the merits of Plaintiff's request to extend the discovery motion deadline, Plaintiff's request should still be denied because Plaintiff's position has no merit. Rather than file a motion to compel, Plaintiff opts to take a "first round" of depositions with the hope of bolstering her request for the co-worker personnel files. Implicit in this plan is the admission that there is insufficient evidence at present to support the motion to compel Plaintiff is "leaning toward." As a result, Plaintiff's argument underscores the lack of good cause to support Plaintiff's Motion on this third and final rationale.

### III. CONCLUSION

Plaintiff's Motion should be denied for all the foregoing reasons.

---

[3] This was communicated to Plaintiff's counsel at 11:40 *a.m.*, not 11:40 p.m. as stated in Plaintiff's Motion. Defendant assumes this was a typographical error but wishes to clarify the record.

Respectfully submitted,

s/ Christopher J. Barrett
Kenneth A. Weber, BPR No. 015730
Christopher J. Barrett, BPR No. 032978
Nelson H. Suarez, BPR No. 035346
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
kweber@bakerdonelson.com
cbarrett@bakerdonelson.com
nsuarez@bakerdonelson.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2025 a copy of this Response to Plaintiff's Motion for Extension of Time was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Hayley Hanna Baker, TN Bar No. 37439
HB ADVOCATES PLLC
1831 12th Ave. S. Ste 325
Nashville, TN 37203
Email: hbaker@hb-advocates.com

Jesse Ford Harbison, BPR No. 032105
JESSE HARBISON LAW, PLLC
P.O. Box 68251
Nashville, TN 37206
jesse@jesseharbisonlaw.com

s/ Christopher J. Barrett

6

4904-5767-0464v1
2944168-000010 05/07/2025
Case 3:24-cv-00277   Document 19   Filed 05/07/25   Page 6 of 6 PageID #: 164